**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Hayward L. Ruff and<br>    Yvette D. Cooley-Ruff, | : | |
|     Debtors. | : | Bankruptcy No. 18-17384-MDC |

# **O R D E R**

**AND NOW**, pursuant to the Application for Compensation and Reimbursement of Expenses (the "Application")[1] filed by Michael D. Sayles (the "Applicant"), counsel to Hayward L. Ruff and Yvette D. Cooley-Ruff (the "Debtors"), the Applicant requests the allowance of compensation in the amount of $4,500.00 and the reimbursement of expenses in the amount $0.00.

**AND**, the Applicant was previously paid $500.00 by the Debtors (the "Pre-Paid Amount").

**AND**, this Court entered an Order dated July 11, 2019 (the "Confirmation Order")[2] confirming the Debtors' Amended Chapter 13 Plan dated June 6, 2019 (the "Plan").[3]

**AND**, the payment allowed to be paid to the Applicant under the Plan is $3,500.00. Plan at §2(e).

**AND**, the Applicant filed a certification that proper service has been made on all interested parties.

**AND**, the Applicant filed a certification of no response.

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

---

[1] Bankr. Docket No. 38.

[2] Bankr. Docket No. 36.

[3] Bankr. Docket No. 42.

**AND**, a confirmation order precludes the relitigation of any issues that were determined by the confirmation order. *In re Szostek*, 886 F.2d 1405, 1408-09 (3d Cir. 1989); *In re McDuffie*, Bky. No. 03-65333, 2005 WL 3108234, *1 (Bankr. D. Md. Feb. 22, 2005) ("since no amendment to the plan was filed to increase the specific amount to be paid to counsel, the court cannot order payment through the plan as an administrative expense."); *In re Lasica*, 294 B.R. 718, 722 (Bankr. N.D. Ill. 2003) (denying fee request because applicant was bound by terms of previously confirmed Chapter 13 plan); *In re Young*, 285 B.R. 168, 174-75 (Bankr. D. Md. 2002) ("the confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan.").

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** and **DENIED IN PART**.

2. Consistent with the Plan and Confirmation Order, compensation is allowed in favor of the Applicant in the total amount of $4,000.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $0.00 (the "Allowed Compensation and Expenses"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331, 503(b).

Dated: September 30, 2019

_____
MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE

Michael D. Sayles, Esquire
Sayles and Associates
427 West Cheltenham Avenue, Suite #2
Elkins Park, PA 19027-3201

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912